United States District Court
Northern District of California

1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7    TORIANO GERMAINE HUDSON,                    Case No.  5:21-cv-01094 EJD

8                      Plaintiff,

9            v.                                  **ORDER OF SERVICE**

10   RON BROOMFIELD, et al.,

11                     Defendants.

12

13          Plaintiff, an inmate at San Quentin State Prison (SQSP) formerly proceeding *pro se*, filed

14   an action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his rights under the

15   Eighth Amendment by transferring over 100 inmates, some of whom were infected with COVID-

16   19, from the California Institution for Men (CIM) to SQSP in May 2020.   Plaintiff is now

17   represented by counsel, and his Second Amended Complaint (ECF No. 20) is before the Court for

18   screening pursuant to 28 U.S.C. § 1915A.[1]   Plaintiff was previously granted leave to proceed in

19   forma pauperis.  ECF No. 12.

20

21

22

23

24   [1] Plaintiff's case, along with a number of other cases making similar claims about the May 2020
     CIM-SQSP transfer, was assigned to the Honorable Judge William H. Orrick for the limited
25   purpose of addressing common questions including whether Defendants are entitled to qualified
     immunity or immunity pursuant to the Public Readiness and Emergency Preparedness (PREP)
26   Act.  See ECF No. 22.  Judge Orrick ordered Defendants in this case on July 19, 2022, to show
     cause why they should be entitled to a different conclusion than the order at ECF No. 59 in case
27   No. 3:22-mc-80066-WHO addressing the common issues.   ECF No. 28.  Defendants specially
     appeared to file a Notice in 3:22-mc-80066-WHO (ECF No. 71) indicating that Defendants had
28   not been served in several cases, including this one, and requesting that screening and service
     proceed.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Complaint**

Plaintiff names the following Defendants:

1. Kathleen Allison, California Department of Corrections and Rehabilitation (CDCR) Director

2. Ralph Diaz, Secretary

3. Ron Davis, Associate Director of Reception Centers

United States District Court
Northern District of California

1    4.  Dr. Steven Tharratt, Director of CDCR Medical Services

2    5.  Dr. Joseph Bick, Director of California CSH

3    6.  Ron Broomfield, SQSP Acting Warden

4    7.  Dr. Pachynski, Chief Medical Officer

5    8.  Clarence Cryer, Health Care CEO

6    9.  Nurse Podosky

7    10. Dean Borders, CIM Warden

8    11. Dr. L. Escobell, CMO

9    12. Clark Kelso, Federal Receiver

10   13. John Doe

11       Plaintiff alleges that the "transfer was ordered by the Federal Receiver" and that he "and

12   CDCR executives pressured CIM officials to effect the transfer quickly," which was done by

13   "skirting . . . health guidelines."  ECF No. 20 at 3.  Defendants transferred some prisoners with

14   out-of-date COVID-19 test results and some who had not been tested at all.  *Id.*  Plaintiff was

15   housed in North Block at the time of the transfer, where cells have open grills and there is little

16   ventilation.  *Id.* at 4, 6.

17       Plaintiff alleges that Defendant Kelso "ordered or helped facilitate the transfer . . . with the

18   approval of" Defendants Diaz, Allison, and Davis; that Defendants Escobell and Tharratt ordered

19   that the transferring prisoners not be retested the day before the transfer; that Defendant Bick was

20   "responsible for all transfer and testing protocols"; that Defendant Borders approved the[]

21   transfers of untested" prisoners; and that Defendant Davis, "with the approval of" Defendants

22   Allison and Bick, "decided to disregard the . . . social distancing guidelines" by placing more than

23   19 prisoners on each bus.  ECF No. 20 at 12-15.  Plaintiff alleges that Defendants Broomfield,

24   Cryer, and Pachynski "chose not to implement . . . basic safety measures" to prevent spread of the

25   virus upon the arrival of the transferring prisoners at SQSP.  *Id.* at 16.  It also alleges that

26   Defendants Diaz and Allison were "well aware of the concerns raised" regarding the transfer.  *Id.*

27   at 15.

28

3

1      Plaintiff alleges that he tested positive for COVID-19 on June 24, 2020.  *Id.* at 17.  Plaintiff

2  alleges the above actions and inactions violated the Eighth Amendment.  He seeks punitive and

3  compensatory damages.

4  **C.      Legal Claims**

5      Liberally construed, the allegations regarding the May 2020 transfer of CIM inmates into

6  SQSP state cognizable Eighth Amendment claims.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)

7  (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of

8  serious harm and disregards that risk by failing to take reasonable steps to abate it).

9      Although Plaintiff lists a Doe defendant, he has made no specific allegations regarding any

10  unknown defendants.  The use of "John Doe" to identify a defendant is not favored in the Ninth

11  Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of*

12  *Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), but situations may arise where the identity of

13  alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the

14  plaintiff should be given an opportunity through discovery to identify the unknown defendants,

15  unless it is clear that discovery would not uncover their identities or that the complaint should be

16  dismissed on other grounds.  *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp.

17  1172, 1180 (N.D. Cal. 1986).  Because Plaintiff has not made any specific allegations about John

18  Doe, the claim against the Doe Defendant is DISMISSED without prejudice.

19      Nor has Plaintiff made any allegations regarding Defendant Nurse Podosky's involvement.

20  Plaintiff states only that Nurse Podosky responded to a healthcare appeal and was on notice of his

21  health conditions that made him vulnerable to COVID-19 infection, but not that Nurse Podosky

22  was involved in any of the decisions related to the transfer of prisoners from CIM or the failure to

23  quarantine them upon arrival at SQSP.  The Court therefore DISMISSES Plaintiff's claim against

24  Defendant Nurse Podosky.

25      The Court also DISMISSES Plaintiff's claims against Defendant Tharratt.  The Court

26  understands, as the Attorney General has represented to another court in this district, that "[t]o the

27  best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020."  *See* Case

28

United States District Court
Northern District of California

1    No. 3:20-cv-07845-CRB, ECF No. 37, 37-1.  The Court takes judicial notice pursuant to Federal

2    Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on

3    the California Department of Corrections and Rehabilitation website on October 6, 2020,

4    *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-

5    medical-director-passes-away/.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746

6    n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of

7    public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19

8    (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018

9    WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

10           Dr. Tharratt's death therefore preceded the filing of this action on February 12, 2021.  "[A]

11   party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way

12   make a dead person (in that person's own right, and not through a properly represented estate or

13   successor) party to a federal lawsuit."  *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d

14   943, 955 (9th Cir. 2020).  Dr. Tharratt was therefore not an appropriately named Defendant at the

15   onset of this litigation.

### CONCLUSION

16

17           For the foregoing reasons, the Court orders as follows.

18           1.      The Court DISMISSES Defendant John Doe without prejudice.

19           2.      The Court DISMISSES Defendant Tharratt without prejudice.

20           3.      The Court DISMISSES Defendant Podosky without prejudice.

21           4.      In light of the parties' stipulated dismissal of Defendant Clark Kelso (ECF No. 29),

22   the Court DISMISSES Defendant Kelso with prejudice.

23           5.      The Court ORDERS that service on the following CDCR Defendants shall proceed

24   under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program

25   for civil rights cases from prisoners in the CDCR's custody:

26           1.  Kathleen Allison, California Department of Corrections and Rehabilitation (CDCR)

27               Director

28

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

2.  Ralph Diaz, CDCR Secretary

3.  Ron Davis, Associate Director of Reception Centers

4.  Dr. Joseph Bick, Director of California CSH

5.  Ron Broomfield, SQSP Acting Warden

6.  Dr. Pachynski, Chief Medical Officer

7.  Clarence Cryer, Health Care CEO

8.  Dean Borders, CIM Warden

9.  Dr. L. Escobell, CMO

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF No. 20), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6.      All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

1  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on

2  behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the

3  cost of such service unless good cause can be shown for their failure to sign and return the waiver

4  form.

5     7.     This Court will issue a scheduling order for summary judgment or other dispositive

6  motion briefing after resolution of the common issues in the 22-mc-80066-WHO matter.  See ECF

7  10.

8     8.     All communications by Plaintiff with the Court must be served on Defendants'

9  counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard

10  any document which a party files but fails to send a copy of to his opponent.  Until Defendants'

11  counsel has been designated, Plaintiff may mail a true copy of the document directly to

12  Defendants, but once Defendants are represented by counsel, all documents must be mailed to

13  counsel rather than directly to Defendants.

14     9.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

15  Court informed of any change of address and must comply with the Court's orders in a timely

16  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

17  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

18  pending case every time he is moved to a new facility.

19     10.    Any motion for an extension of time must be filed no later than the deadline sought

20  to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that

21  he must include the case name and case number for this case on any document they submit to the

22  Court for consideration in this case.

23     **IT IS SO ORDERED.**

24

25  Dated:    August 26, 2022

26                                    EDWARD J. DAVILA
                                      United States District Judge

27

28

United States District Court
Northern District of California

7